## Richmond.

### ARMENTROUT ET AL. v. SHAFER.

#### January 26th, 1893.

DECEDENT'S ESTATE—*Claims against.*—Where decedent's estate has been referred to a commissioner for settlement, and a claim on which judgment has been obtained against such estate is presented to him, and there is no evidence that it has ever been paid, and the commissioner rejects the claim in his report, and the court sustained exception to the report—

HELD:

No error.

Argued at Staunton.   Decided at Richmond.   Appeal from two decrees of circuit court of Rockingham county, rendered October 28th, 1890, and April 16th, 1891, respectively, in a suit wherein Z. D. Shafer was complainant and B. F. Armentrout and G. W. Berlin were defendants.   The decrees being adverse to the defendants, they appealed.   Opinion states the case.

*G. W. Berlin,* for appellants.

*E. S. Conrad,* for appellee.

LACY, J., delivered the opinion of the court.

The case, briefly stated, is as follows :  In 1860 Peter Henton died testate, in the said county, and by his will, among other things, provided that $1,000 should be invested by his executor, and the interest paid annually to his widow, Lurena

Henton, during her life, and at her death to his son, John M., and Mary Jane Armentrout, his daughter. The executor named in the will, Andrew J. Henton, qualified as such, giving bond with certain securities; sold off the real and personal estate, and in 1863 invested $1,000 in Confederate money in a Confederate bond of $1,000, for the benefit of the widow and the two children already mentioned, under an *ex parte* order of the judge of the circuit court of Augusta county. This investment the said widow repudiated, and in October, 1866, filed her bill to set aside the same, and in 1870, in the said circuit court of Rockingham, she obtained a decree setting aside the said investment, and directing a final settlement of the said Henton estate; but in 1875 the said court reversed and set aside the said decree, and entered a decree confirming a report of debts made in the cause, but, on appeal to this court, the last-named decree of 1875 was set aside, and the decree of 1870 established and approved. To take this appeal Lurena employed G. W. Berlin as her counsel, and agreed to pay him 25 per cent. of her recovery, and to Armentrout she agreed to pay 25 per cent. of her recovery " in consideration of his furnishing the necessary funds to pay for a copy of the record and for printing the same." But when the decree of reversal aforesaid was obtained, which was never reported, the administrator was insolvent, and all of his securities had either become actually insolvent or bankrupt; or feigned that condition through the medium of fraudulent conveyances, as is alleged. New proceedings were then instituted by Berlin against one of these securities, William H. Bailey, and, he dying pending the suit, there was a recovery against his executor November 1, 1882, for the whole amount due to the widow and legatees and creditors, as is alleged. This decree was appealed from, and affirmed by this court on the 20th of September, 1888, but this case was never reported; and nothing involved in the foregoing decisions

is involved in the merits of the present appeal. But, pending these proceedings, the cause was referred by the court to a commissioner, to take an account of any further debts of Peter Henton, when the appellee, Z. D. Shafer, by counsel, laid before the commissioner a judgment recovered by him, the said Shafer, against the said estate in 1868, and which had not been before reported against the said estate. This judgment was resisted by the said Armentrout and Berlin, because its recovery and allowance out of the estate of Peter Henton's estate left very little for them to receive 25 per cent. out of; and they say that Shafer owed the Peter Henton estate for board and for the purchase-price of a negro girl, offering no positive proof that such a debt was due, or that the Shafer debt had ever been paid. On the other hand, Shafer presents his bonds and the judgment recovered on them against them, which was defended by the executor of Peter Henton through able counsel, and calls for proof, if any they have, of its payment.

The commissioner rejected this Shafer debt, but, his report being excepted to, the circuit court sustained this exception as to this debt, and allowed the same, and rendered the decree complained of against the Henton estate for the amount thereof, $501.79, with interest on $159.70, part thereof, from April 10, 1889 ; and Armentrout and Berlin appealed, assigning as error the allowance by the circuit court of this claim, and the refusal of that court to allow them 25 per cent. of Shafer's judgment or claim for their services. They say that the case of *Bowers* v. *Bowers*, 29 Gratt. 697, and other cases which follow that case, show that the commissioner's report should have been regarded by the circuit court as conclusive as to this question. But the cases relied on do not sustain their contention in any degree. There was no conflicting evidence here. The commissioner palpably erred in rejecting a claim supported by the written acknowledgment

of the debtor, and matured to judgment, without any evidence whatever, except conjecture and unsupported assertion, that it had been paid, and, moreover, in the face of what appears to be conclusive evidence that it had never been paid. The claim of *laches* is not sustained as to this claim. There is no ground whatever in this case to suggest that this claim has ever been abandoned, but the contrary. See *Tazewell* v. *Saunders*, 13 Gratt. 362; *Coles* v. *Ballard*, 78 Va. 139, and cases cited.

It is assigned as error, further, that the court erred in rejecting a bill of review tendered by the appellants; but the court was right in this, for the same reasons that it was right in rendering the decree complained of, allowing the Shafer debt; and, upon the whole case, we perceive no error in the said decrees complained of, and the same must be affirmed.

Decrees affirmed.